U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL - 1 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ENGINES SOUTHWEST, INC.          CIVIL ACTION NO. 03-1460

VERSUS                           JUDGE S. MAURICE HICKS, JR.

KOHLER CO., ET AL

**ORDER**

This matter is before the Court on defendant Kohler Co.'s "Motion for Reconsideration." [Doc. No. 107]. The Court previously granted plaintiff's motion for summary judgment [Doc. No. 9], ruling that a "dealer" was not limited to "retailers" under the Louisiana Wholesalers Act, Louisiana Revised Statutes 51:481-490. [Doc. No. 100]. The issues have been fully briefed and argued, therefore, defendant's request for oral argument is denied. The Court does find that several points deserve further comment.

Defendant correctly notes that there are multiple references and uses of the terms "retailer" and "retail" in the Wholesaler Act in addition to Section 481 as stated in the previous ruling. See, La. R.S. §§ 51:485, 487, 488, and 489. These sections all deal with the repurchase of parts after termination or cancellation of a contract. Although further examples of the legislature's inconsistency, the Court finds that these instances do not negate the fact that "retailer" was <u>removed</u> from and replaced by "dealer" in the applicability section. However, in the interest of thoroughness, the Court will address each section specifically.

The instances of "retailer" in Sections 485 and 489 raise the same problem as in the applicability section: there is one reference of "retailer," but multiple references of "dealer." In Section 485, there is one reference of "retailer," but ten (10) references to "dealer." In Section 489, there is one reference to "retailer", but two references to "dealer." The Court

finds these two instances of "retailer" to be an oversight, considering that 13 out of 15 references of the term "retailer" were changed to "dealer." La. R.S. § 51:485, Historical and Statutory Notes; La. R.S. § 51:489, Historical and Statutory Notes.

In Section 487, all references to "retailer" were changed to "dealer." However, Kohler is correct that there is reference to a "retail sale" of goods after termination or cancellation of a contract. However, the fact that a retail sale may occur does not affect whether or not a "dealer" must be a "retailer" for the act to apply in general.

The Court also acknowledges that Section 488 specifically refers to a "retail dealership." However, this section concerns the limited situation of repurchase after the death of a "dealer." Again, this does not affect the general applicability of the act. The more consistent reasoning is that Sections 487 and 488 only apply to a subsection of dealers, rather than affecting the applicability of the entire act.

Furthermore, the Court did not previously rule and does not rule today on the issue of whether Engines Southwest qualifies as a "retailer" under Louisiana Revised Statutes 51:481-490.

Therefore:

IT IS ORDERED that defendant Kohler Co.'s Motion for Reconsideration [Doc. No. 107] shall be **GRANTED**.

IT IS FURTHER ORDERED that the Court's previous ruling [Doc. No. 100] shall be **AFFIRMED AS MODIFIED** by this ruling.

Shreveport, Louisiana, this 30th day of June, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE