RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/18/05
BY DM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENGINES SOUTHWEST, INC. | CIVIL ACTION NO. 03-1460 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KOHLER CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

This matter is before the Court on "Partial Motion for Summary Judgment on Behalf of Kohler Co. on Issue of Damages." [Doc. No. 128]. Kohler moves for summary judgment dismissing all of Engines Southwest's ("ESW") claims and demands for recovery of damages from Kohler, or in the alternative, holding that the death of the majority stockholder establishes good cause for cancellation of the agreement and eliminates ESW's right to recover damages after the date of death. ESW opposes both contentions because (1) the contract was improperly terminated and (2) death of a shareholder is not listed as "good cause" by statute. There are no contested material facts.[1] For the following reasons, summary judgment will be denied.

**I.   Procedural Background**

Cross motions for summary judgment were filed by Kohler and ESW. The Court granted ESW's motion for summary judgment and denied Kohler's.[2] The Court found that

---

[1] The parties dispute the interpretation of the waiver of damages clause in the Distribution Agreement, but that disagreement is legal, not factual.

[2] See Memorandum Ruling, Doc. No. 100.

Page 1 of 4

Kohler improperly terminated the Distribution Agreement ("Agreement") between the parties. The Court denied a motion for reconsideration. The Court held a scheduling conference and set the remaining issue of damages for trial. Kohler then filed this motion for summary judgment.

## II. Waiver of Damages

The Agreement signed by the parties includes a waiver of damages in the event of termination. The clause states, in pertinent part:

> The parties herein further agree that no claim for damages on account of such termination shall arise against either party . . .

Kohler contends that the waiver is enforceable and, therefore, ESW is not entitled to any damages. ESW contends that the waiver is not enforceable because the Court previously found that the termination was improper and that Kohler breached the Distribution Agreement. ESW argues that the waiver only applies to a proper termination of the Agreement.

The Court agrees with ESW. If the Agreement was properly terminated, the waiver of damages provision would be enforceable. However, the Court has ruled that the Agreement was not properly terminated so the contractual waiver should not be enforced under these circumstances.

## III. Death of Majority Shareholder

Kohler further contends that if damages are awarded, any such damages should be limited by the death of Samuel Grayson (the majority shareholder of ESW) in March 2004.

Kohler argues that Grayson's death should be considered "good cause" for termination of the Agreement. Louisiana Revised Statutes § 51:482(B), regarding contract termination and cancellation, states in pertinent part:

> B. Good cause exists whenever:
> (1) An individual proprietor, partner, or major shareholder of the dealership has withdrawn.
> (2) There has been a substantial reduction in interest of a substantial partner or major stockholder. . . .

The statute lists nine (9) circumstances which are considered as "good cause". ESW argues that the list of events constituting "good cause" is exclusive. Death of a majority shareholder was not specifically included in the list. The legislature could have included "death" of a majority shareholder but it did not. Furthermore, ESW argues that a death is not the same as a withdrawal or a substantial reduction in ownership interest; thus, death of a majority shareholder may not be considered as falling into one of the statutory categories.

Additionally, the Louisiana Wholesaler's Act does address the death of a dealer in Louisiana Revised Statutes § 51:488. The Act provides that the heirs have one year from the death "to exercise the options provided by this Part to the dealer, upon the same terms and conditions applicable to the dealer." La. R.S. § 51:488. Clearly, in drafting the Wholesaler's Act the Louisiana Legislature specifically addressed the issue of the death of a dealer and could have included it as a reason for "good cause" to terminate. It did not.

Therefore, the Court finds that death of a majority shareholder is not "good cause" to terminate the Agreement. Recovery of damages by ESW as a result of the breach by Kohler are not limited by the date of death of Samuel Grayson.

## IV. Conclusion

Kohler's motion for summary judgment will be denied. There are no contested material facts. The Court finds that the waiver of damages found in the Distribution Agreement is not enforceable because the Agreement was not properly terminated. Additionally, the Court finds that the death of Samuel Grayson is not "good cause" for termination and does not limit possible damages to the date of his death. Therefore, summary judgment in favor of Kohler is not proper as a matter of law. A scheduling conference to set a new trial date will be set by separate order.

Therefore:

**IT IS ORDERED** that Kohler's "Partial Motion for Summary Judgment on Behalf of Kohler Co. on Issue of Damages" [Doc. No. 128] shall be **DENIED**.

Shreveport, Louisiana, this 17th day of October, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE