# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ENGINES SOUTHWEST, INC. | CIVIL ACTION NO. 03-1460 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KOHLER CO. | |

**MEMORANDUM RULING**

Before the Court is a "Supplemental Motion Under Federal Rule of Civil Procedure 59 on Behalf of Engines Southwest, Inc." (Record Document 174). Plaintiff Engines Southwest, Inc. ("ESW, Inc.") asks the Court to reconsider its July 7, 2006 ruling that denied ESW, Inc.'s Motion to Substitute Grayson Holdings, Inc. as the proper party plaintiff. See Record Documents 170 & 171. Specifically, ESW, Inc. argues that the Court erred in ruling that ESW, Inc. was clearly and explicitly designated as the contracting party with Kohler Co. ("Kohler") and that ESW, Inc. was judicially estopped from seeking to substitute Grayson Holdings, Inc. See Record Document 174-3. Defendant Kohler opposes the Motion for Reconsideration. See Record Document 179. Kohler has also filed a Motion to Strike the attachment to ESW, Inc.'s Motion for Reconsideration. See Record Document 178.

The Court has carefully reviewed not only the briefs submitted in connection with the Motion for Reconsideration, but also the record relating to the Motion to Substitute and finds that ESW, Inc. has failed to show manifest errors of law or fact in the July 7, 2006 ruling of this Court. Accordingly, the "Supplemental Motion Under Federal Rule of Civil Procedure 59 on Behalf of Engines Southwest, Inc." (Record Document 174) is denied.

**Motion to Strike filed by Kohler**

Kohler has filed a Motion to Strike the attachments to Plaintiff's Motion for Reconsideration on the grounds that the attachments do not constitute "newly discovered evidence." Record Document 178. Specifically, Kohler argues that "the Affidavit of Lisa Axton merely presents correspondence and balance sheets going back to the year 2000, all of which was available to or in the possession of ESW, Inc. before the Motion to Substitute was filed on February 27, 2006." Record Document 179 at 2. The crux of Kohler's argument is that the Lisa Axton affidavit and the attached exhibits are not newly discovered documentation/evidence. See id. at 2-3.

The Court is mindful that each and every piece of correspondence and information presented via Lisa Axton's affidavit was available to ESW, Inc. prior to the filing of the Motion to Substitute. However, the Court also notes that even if it considers the Affidavit of Lisa Axton and the attached exhibits in determining the Motion for Reconsideration, it would not affect the outcome. Accordingly, the Motion to Strike (Record Document 178) filed by Kohler is denied.

**Motion for Reconsideration under Rule 59 filed by ESW, Inc.**

A motion for reconsideration filed under Rule 59(e) "calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (internal quotations and citations omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479. Instead, a motion filed under Rule 59(e) allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. A district court has considerable discretion in deciding whether to entertain a Rule 59(e)

motion for reconsideration, yet such discretion is not limitless. See id. The Fifth Circuit has "identified two important judicial imperatives relating to Rule 59(e) motions: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Id. The district court is charged with striking the proper balance between these competing interests. See id. To strike this balance, the district court "should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available [at the time the prior motion was filed and/or ruling was made], and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).

In its Motion for Reconsideration under Rule 59(e), ESW, Inc. focuses heavily upon paragraph 12 of the "Distributor Policy and Practices" statement that was referenced and attached to the actual distributor agreement. Paragraph 12 required that the distributor furnish Kohler annually with an audited financial statement. ESW, Inc. has presented this Court with the documents relating to the contractual performance in 2002 and 2003 of the requirements set forth in paragraph 12. The documents show that after Kohler requested financial information on "Engines Southwest (Grayson)," the response came on the letterhead of Grayson Company of Southwest, Inc. and contained balance sheets and income statement for Grayson Company of Southwest, Inc. ESW, Inc. argues that since Kohler accepted this response as proper performance under the contract, Kohler recognized that "the enterprise . . . purchasing [its] products and paying for them, and on

whose creditworthiness [it] relied, was a division of 'Grayson Company of Southwest, Inc.'" Record Document 174-3 at 3.

This argument is unconvincing because it in no way demonstrates that this Court's prior ruling was manifestly erroneous. As argued by Kohler in its opposition brief, the evidence surrounding ESW, Inc.'s financial reporting does not establish or even tend to prove that Grayson Holdings, Inc. was the real party in interest to the distributor agreement. Rather, this Court finds that such evidence simply points to Grayson Holdings, Inc. as a financial guarantor for ESW, Inc. See Record Document 179 at 8. Even considering the financial documents attached to the Affidavit of Lisa Axton, which are challenged by Kohler, the documents only show that Grayson Holdings, Inc. was likely providing credit for ESW, Inc., not that Grayson Holdings, Inc. was a party to the contract with Kohler to distribute Kohler products. Further, any notation in such documents of "Engines Southwest (Grayson)" is not surprising because ESW, Inc. was originally incorporated as Grayson-Louisiana, Inc. and changed its name in 1993. Thus, the Court is responsive to Kohler's argument that "correspondence to Kohler regarding 'Engines Southwest (Grayson)' is not indicative that Kohler knew that it was doing business with an entity other than the party who contracted with it, ESW, Inc." Id. at 3.

ESW, Inc.'s next argument pertains to Louisiana Civil Code Article 2046, which states "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." On July 7, 2006, this Court ruled that the distributor, under the terms of the distributor agreement, was "Engines Southwest, corporation" and that this designation in the contract clearly and explicitly meant Engines Southwest, Inc., and not the unincorporated "Engines

Southwest" or Grayson Holdings, Inc. See Record Document 170 at 6. ESW, Inc. now argues that this case is not an appropriate one for application of Article 2046 because there are two different entities – Engines Southwest, Inc. and Engines Southwest, a division of Grayson Holdings, Inc. – which have used a name similar to "Engines Southwest," the name used in the contract. See Record Document 174-3 at 3. Further, ESW, Inc. maintains that Article 2046 should not apply because "[f]or Kohler to have accepted the performance from Grayson Holdings, Inc. for so many years (including the performance of supplying its financial information) and then escape liability for an already-determined breach of the contract is . . . an absurd consequence." Record Document 174-3 at 5. ESW, Inc. cites various Louisiana and Fifth Circuit cases in support of its "absurd consequences" argument, namely for the principle that absurd consequences militate against the literal interpretation of an agreement. See id.

Conversely, Kohler argues that "it would be absurd for [it] to believe that it was not doing business with ESW, Inc. when the distributor agreement was between Kohler and ESW, Inc., and was signed by the person who held himself out as the president of ESW, Inc." Record Document 179 at 4-5. Kohler also effectively distinguished the cases cited by ESW, Inc., as all of ESW, Inc.'s cited cases dealt with interpretation and construction of conflicting terms within the four corners of a contract, not the determination of the real party in interest to a contract. Interestingly, Kohler noted that one of the cases cited by ESW, Inc. actually stands for the principle that "a contract provision is not ambiguous . . . merely because one party can create a dispute in hindsight." Texas Eastern Transmission Corp. v. Amerada Hess Corp., 145 F.3d 737, 741 (5th Cir. 1998). That quote is particularly appropriate here and the Court is persuaded by Kohler's argument on this

point. The distributor identified in the distributor agreement was "Engines Southwest, corporation." This Court's finding, originally made July 7, 2006, that "Engines Southwest, corporation" is ESW, Inc. remains.

Moreover, in its Motion for Reconsideration, ESW, Inc. did not convince this Court that Grayson Holdings, Inc. was a party to the distributor agreement. ESW, Inc. did nothing to discredit the evidence that Al Rich, president of ESW, Inc., signed the distributor agreement to bind ESW, Inc., not Grayson Holdings, Inc. There was no evidence presented by ESW, Inc. that there was another agreement that altered the terms of the distributor agreement. This Court previously held that ESW, Inc. was the only party who contracted with Kohler. Today's finding is no different.

Finally, ESW, Inc. argues that because it had no motive to conceal the real party in interest at any time and because Kohler has suffered no prejudice as a result of its mistake, this is not the appropriate case for the application of judicial estoppel. See Record Document 174-3 at 10. ESW, Inc. argues that any motion to substitute necessarily leads to an "inconsistent " position, as "the original complaint would always have been based upon the allegation that the plaintiff named in it has the right to enforce the claim against the defendant." Id. at 7. ESW, Inc. also attempts to counter this Court's July 7, 2006 ruling concerning the second element of judicial estoppel, i.e., whether ESW, Inc. convinced the Court to accept its previous position that ESW, Inc. was the party to the distributor agreement. In its July 7, 2006 ruling, this Court stated:

> ESW, Inc. argued that it, as a party to the distributor contract, was entitled to summary judgment as to liability, the Court conducted its analysis, relied on ESW, Inc.'s argument, and granted summary judgment. Thus, the Court answers the inquiry of whether ESW, Inc. convinced this Court to accept its previous position that ESW, Inc. was the party to the distributor agreement

in the affirmative.

Record Document 170 at 12. In the Motion for Reconsideration, ESW, Inc. contends that "the Court's substitution of Grayson Holdings, Inc. as the plaintiff will 'have the same effect as if the action had been commenced in the name of the real party in interest,' or Grayson Holdings, Inc. Therefore, the outcome of the Court's ruling would be summary judgment in favor of Grayson Holdings, Inc. and not in favor of Engines Southwest, Inc., and would not be inconsistent with the current position nor would it cause any prejudice to Kohler." Record Document 174-3 at 8. This Court is not convinced that substituting Grayson Holdings, Inc. as the party in whose favor summary judgment on the issue of liability was granted is as simple as ESW, Inc. represents it to be in its Motion for Reconsideration. ESW, Inc. also doubts the prejudice that Kohler would suffer as a result of a substitution, arguing "[i]t is difficult to fathom what prejudice Kohler might suffer if called upon to respond under the law to that entity which it required to perform the financial reporting obligation of its contract." Record Document 174-3 at 8. Again, this argument fails to persuade the Court, as the financial documents only show that Grayson Holdings, Inc. might have provided credit for ESW, Inc., not that Grayson Holdings, Inc. was a party to the contract with Kohler to distribute Kohler products.

Kohler discredits ESW, Inc.'s argument that its change in position is of no moment because the effect of the change in position in this case is not immaterial. Rather, Kohler argues that "by substitution, ESW, Inc. is not merely seeking to remedy a mistake in the appearance of a name, but is instead seeking to re-write and substitute parties to a contract, to repudiate multiple sworn representations and affidavits by the president of the contracting party, and to create Kohler's liability to a party with whom it has no privity."

Record Document 179 at 7. The Court agrees. ESW, Inc. has not sufficiently demonstrated how this Court's ruling that it had "'muddied' the issues of the economic activity of ESW, Inc., the corporate status of ESW, Inc., and the corporate organization of Grayson Holdings, Inc.," and was, therefore, manifestly erroneous. Record Document 170 at 15. ESW, Inc. admits that it knew as early as November 11, 2005 that it would be filing a motion to substitute, but did not file the actual bare bones motion until February 27, 2005, almost four months later, not to mention the fact that the lawsuit has been ongoing since August 2003. This Court concurs with Kohler's observation in its opposition brief that a more timely filed corporate disclosure statement and more forthcoming discovery responses in the earlier stages of this litigation likely would have notified all parties of the potential dispute regarding which entity was the party to the distributor agreement, thus allowing the Court to resolve the issue before entering summary judgment in favor of ESW, Inc. on the issue of liability.

Based on the foregoing, the Court finds that ESW, Inc.'s attempt under Rule 59(e) to call into question the correctness of this Court's July 7, 2006 ruling fails. ESW, Inc. has simply rehashed the evidence, legal theories, and arguments presented in previously filed briefs and oral argument. See Templet, 367 F.3d at 479 (5th Cir. 2004) (holding that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). ESW, Inc. has failed to demonstrate manifest errors of law or fact. Further, ESW, Inc. has not persuaded this Court that its so-called "new" evidence, which the Court considered, changes the outcome of the Court's ruling on the Motion to Substitute.

Accordingly,

**IT IS ORDERED** that the "Motion by Kohler Corporation to Strike Attachments to Plaintiff's Motion for Reconsideration" (Record Document 178) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the "Supplemental Motion under Federal Rule of Civil Procedure 59 on behalf of Engines Southwest, Inc." (Record Document 174) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of September, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE